*Jack v. Garland*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-three.

PRESENT:    Guido Calabresi,
            Steven J. Menashi,
            Myrna Pérez,
                *Circuit Judges.*

_____

KERRON JACK,

     *Petitioner*,

   v.                                                          No. 21-6281

MERRICK B. GARLAND, United States Attorney General,

     *Respondent*.

_____

*For Petitioner*:                               JOHN F. STANTON, Office of Immigration Litigation (Brian Boynton, Civil Division, Leslie McKay, Rachel Browing, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, DC.

*For Respondent*:                            CRAIG RELLES, Law Office of Craig Relles, White Plains, NY.

Petition for review from a final order of the Board of Immigration Appeals.

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review **is DISMISSED IN PART** and **DENIED IN PART**.

Petitioner Kerron Jack, a native and citizen of Trinidad and Tobago, petitions for review of an order denying his application for protection under the Convention Against Torture ("CAT") and his motion for a continuance before his individual merits hearing. *See In re Kerron Jack*, No. A088 427 831 (B.I.A. Apr. 30, 2021), *aff'g* No. A088 427 831 (Immigr. Ct. N.Y.C. Sept. 10, 2020). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Because the Board of Immigration Appeals ("BIA") adopted and merely supplemented the decision of the Immigration Judge ("IJ") "we review the decision of the IJ as supplemented by the BIA." *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (citing *Niam v. Ashcroft*, 354 F.3d 652, 655-66 (7th Cir. 2004)). We review the denial of a continuance for abuse of discretion. *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

## I

Jack argues that the IJ abused his discretion by declining to grant a continuance so that Jack's sister could travel to New York to testify live. However, in the motion for a continuance he submitted on August 5, 2020, Jack requested a continuance to allow more time to prepare with his attorney; he did not mention the sister's testimony. Nor did he raise the issue of the testimony to the BIA; rather, he argued that he should have been granted a continuance to prepare further with his attorney and to obtain additional documentary evidence. He has therefore failed to exhaust his administrative remedies with respect to this issue by failing to argue to the agency that the continuance should have been granted for the purpose of obtaining live testimony. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if … the alien has exhausted all administrative remedies available to the alien as of right.").

The Supreme Court has recently held that "§ 1252(d)(1)'s exhaustion requirement is not jurisdictional" but is "subject to waiver and forfeiture." *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). However, "calling a rule nonjurisdictional does not mean that it is not mandatory." *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012). To the contrary, "statutory exhaustion requirements are mandatory, and courts are not free to dispense with them." *Donnelly v. CARRP*, 37 F.4th 44, 56 (2d Cir. 2022) (alteration omitted) (quoting *Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 94 (2d Cir. 1998)). Because the government has properly raised the issue of exhaustion, we may not consider in the first instance whether the IJ abused his discretion by refusing to grant a continuance to allow Jack's sister to testify in person. We dismiss the petition insofar as it relies on this unexhausted claim.

We may, however, consider the two grounds for the continuance that Jack offered to the agency. Jack argued that a continuance was necessary in order to prepare for the individual hearing and to obtain documents from Trinidad that were delayed due to the COVID-19 pandemic. To successfully challenge the denial of a continuance to obtain evidence or to apply for relief, a petitioner "at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed" and "that [the IJ's] denial caused him actual prejudice and harm and materially affected the outcome of his case." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356-57 (B.I.A. 1983). Similarly, "[p]arties claiming denial of due process in immigration cases must, in order to prevail, 'allege some cognizable prejudice fairly attributable to the challenged process.'" *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quoting *Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004)).

Jack has not identified additional documents he would have submitted or additional arguments he would have made if he had been granted a continuance. *See Matter of Sibrun*, 18 I. & N. Dec. at 357 ("Bare, unsupported allegations are insufficient; the alien must specifically articulate the particular facts involved or evidence which he would have presented, and otherwise fully explain how denial of his motion fundamentally changed the result reached."); *see also Garcia-Villeda*, 531 F.3d at 149 (requiring a showing of prejudice). Under the circumstances, we cannot say that the IJ's decision not to grant a continuance for additional preparation or to obtain documents rested "on an error of law or a clearly erroneous factual finding or cannot be located within the range of permissible decisions" so as to constitute an abuse of discretion. *Garcia v. Garland*, 64 F.4th 62, 69 (2d Cir. 2023) (alterations omitted) (quoting *Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006)).[1]

---

[1] Jack argues, and the government concedes, that the BIA erred in applying "Third Circuit law in reviewing whether the denial of the continuance constituted reversible error." Petitioner's Br. 19; Respondent's Br. 21-22. The government contends, however, that the BIA's error "in this regard was ultimately harmless." Respondent's Br. 21.

## II

Jack also argues that the agency erred in concluding that he was not entitled to relief under the CAT. "The burden of proof is on the applicant for withholding of removal … to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). An applicant for CAT relief must establish the likelihood of torture "by, or with the acquiescence of, government officials acting in an official capacity." *Mu Xiang Lin v. DOJ*, 432 F.3d 156, 159 (2d Cir. 2005); *see also* 8 C.F.R. § 1208.18(a)(1) (defining "torture"). The IJ determined that Jack had failed to demonstrate, *inter alia*, that the Rasta City gang would target him or that the Trinidadian government would acquiesce in any of the Rasta City gang's actions against him. In doing so, the IJ credited country conditions evidence that showed efforts by the Trinidadian government to combat gang-related violence and police corruption. Because the record does not compel a contrary conclusion, the IJ's decision is supported by substantial evidence. *See Savchuk v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain [of events leading to torture] cannot be shown to be more likely than not to occur.") (quoting *In re J-F-F*, 23 I & N. Dec. 912, 918 n.4 (A.G. 2006)).

\* \* \*

---

Because the IJ correctly applied Second Circuit law in denying Jack's motion for a continuance and we dismiss and deny the petition on the basis of the IJ's analysis, we agree.

We have considered Jack's remaining arguments, which we conclude are without merit. For the foregoing reasons, the petition for review is **DISMISSED IN PART** and **DENIED IN PART**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court